Mr. Justice Cox
delivered the opinion of the court :
The case of the United States, on the relation of Daniel E. Case, against the surveyor of the District of Columbia, is an application for a mandamus to command the surveyor to record a subdivision of certain lots.
The petition of the relator sets out that, in conformity *484 •with the law, he had prepared a subdivision plat which had been examined by the surveyor and certified to be correct; that the surveyor was willing to record it, but was prevented from so doing by instructions from the Commissioners of the District of Columbia. He claims that the Commissioners have no right to interfere, and he makes application for a mandamus.
The law of 18G9 is found in sections 477 and 478 of the Revised Statutes of the District of Columbia, which are as follows:
“Sec. 477. Whenever the proprietor of any square or lot shall deem it necessary to subdivide the same into convenient building lots or portions for sale and occupancy, and alleys for their accommodation, he may cause a plat to be made, on which shall be expressed the dimensions and length of all the lines of such portions as are necessary for defining and laying off the same on the ground, and may certify such subdivision under his hand and seal, in the presence of two or more credible witnesses, upon the same .plat, or on a paper or parchment attached thereto.
“Sec. 478. At the request of the proprietor, the surveyor shall examine whether the lots or parcels into which any square or lot may be subdivided, as provided in the preceding section, agree in dimensions with the whole of the square or lot so intended to be subdivided, and whether the .dimensions expressed on the plat of subdivision be the true dimensions of the parts so expressed; and if, upon such examination, he shall find the plat correct, he shall certify the same under his hand and seal,' with such remarks as appear to him necessary, and shall record the plat as examined, in a book to be kept by him for that purpose.”
It will be seen that it is left entirely to the owner of the lot to determine when it shall be necessary to subdivide into lots, and he is to make the subdivision. There is nothing for the surveyor to do but to examine the subdivision and ascertain whether the several subdivisions correspond to the aggregate area represented on the plat. If the surveyor *485 finds that fact, he is bound to sign it, and it is made his ministerial duty to record the plat.
We are satified that the proprietor of the lot has a right to have the subdivision recorded in accordance, with the requirement of the statute, and that the surveyor has no discretion in the matter, and the Commissioners have no authority to interfere with him.
In this case, however, there is a technical defect in the subdivision itself. The law requires that it shall be under the hand and seal of the proprietor, attested by two credible witnesses. In this case it was not under the seal of the proprietor. All that is necessary, however, is to make a new subdivision and correct that error, and then, we think, the proprietor will be entitled to have it recorded.
But this application must be dismissed without prejudice.